IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GOLF SOLUTIONS I, LLC,

                    Plaintiff,

    v.

PRESTIGE FLAG MANUFACTURING
COMPANY, INC. and MICHAEL L. ROBERTS,

                    Defendants.

ORDER

14-cv-869-jdp

---

Plaintiff Golf Solutions I, LLC, filed this suit against defendants Prestige Flag Manufacturing Company, Inc., and Michael L. Roberts, alleging the breach of three contracts. Dkt. 4. Golf Solutions also filed a motion for a preliminary injunction against both Prestige and Roberts asking this court to compel immediate payment of amounts due under a promissory note. Dkt. 6.

Golf Solutions must address a preliminary issue before the court can address the merits of its motion for preliminary injunction: Golf Solutions has failed to adequately plead diversity jurisdiction. "Federal courts are courts of limited jurisdiction." *Int'l Union of Operating Eng'rs, Local 150, AFL-CIO v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009). Unless a complaint alleges complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000, or raises a federal question, the case must be dismissed for want of jurisdiction. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009). Because jurisdiction is limited, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). Further, the party seeking to invoke federal jurisdiction bears the burden of establishing that jurisdiction is present. *Smart*, 562 F.3d at 802-03. Here, Golf Solutions contends that the

court has jurisdiction because the parties are diverse. Dkt. 4, ¶ 7. Golf Solutions's allegations are insufficient to establish diversity jurisdiction.

Golf Solutions is a limited liability company. To plead diversity jurisdiction, it must give the citizenship information of each of its members. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009) ("For diversity jurisdiction purposes, the citizenship of a limited liability company is the citizenship of each of its members.") (internal citations omitted). However, in its amended complaint, Golf Solutions states only that its managing member is a citizen of Wisconsin and that "no member of the Golf Solutions limited liability company is a citizen of California." Dkt. 4. To properly plead its citizenship, Golf Solutions must affirmatively allege the citizenship of each of its members, or at least identify all of the states of which its members are citizens. This requirement ensures that there are no "stateless" members, which would destroy diversity jurisdiction. *See CTGW, LLC v. GSBS, PC*, No. 09-cv-667, 2010 WL 2739963, at *2 (W.D. Wis. July 12, 2010) ("A court does not have diversity jurisdiction over a case in which a real party in interest is not a citizen of any state.") (citing *Newman–Green, Inc. v. Alfonzo–Larrain,* 490 U.S. 826, 829-30 (1989)).

Golf Solutions must file within 14 days of this order an amended complaint that establishes subject matter jurisdiction by alleging the names and citizenships of its members. In alleging its citizenship, Golf Systems should be aware that if any of its members are themselves limited liability companies, partnerships, or other similar entities, then the citizenships of those members and partners must be alleged as well. *See Meryerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002) (per curiam) ("[T]he citizenship of unincorporated associations must be traced through however many layers of partners or members there may be."). If Golf Solutions does not file an appropriate pleading within 14 days, this action will be dismissed for lack of subject matter jurisdiction.

Golf Solutions has filed proof of service of the amended complaint on both defendants. Dkt. 11 and Dkt. 12. Thus, assuming that Golf Solutions cures the deficiencies in its pleading, the court will proceed to the merits of the motion for preliminary injunction. Defendants should file their response to the motion for preliminary injunction by January 20, 2015. The court will set a date for an evidentiary hearing on the motion within approximately 14 days of the response deadline. If the court determines that the motion can be decided on the basis of the papers filed, it will do so and take the hearing off the calendar.

The parties should attend carefully to the procedures to be followed on motions for preliminary injunction. Plaintiff is directed to provide a copy of these procedures to defendants, along with a copy of this order.

IT IS ORDERED that:

1. Plaintiff Golf Solutions I, LLC, may have until January 13, 2015, to file and serve an amended complaint containing good faith allegations sufficient to establish complete diversity of citizenship for purposes of determining subject matter jurisdiction under 28 U.S.C. § 1332.

2. Defendants must file their response to the motion for preliminary injunction by January 20, 2015.

3. Until defendants formally appear in this case, plaintiff is directed to assure that defendants receive copies of all papers filed and all orders issued in this case.

Entered December 30, 2014.

BY THE COURT:

/s/
JAMES D. PETERSON
District Judge