IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GOLF SOLUTIONS I, LLC,

                Plaintiff,                OPINION & ORDER

  v.

                                                14-cv-869-jdp

PRESTIGE FLAG MANUFACTURING
COMPANY, INC., and MICHAEL L. ROBERTS,

                Defendants.

---

The parties to this case have another case going in the Southern District of California involving claims closely related to the ones in this case. Of course, each party wants the case heard in its home forum, and they have both moved to dismiss or transfer the case filed by the other. Prestige has moved to transfer or dismiss this case, and it has asked this court to forestall consideration of Golf Solutions's motion for preliminary injunction with an expedited briefing schedule. Dkt. 23 and Dkt. 27. I will expedite consideration of Prestige's motion to transfer by denying it.

This court knows enough to decide Prestige's motion because it has Golf Solution's filings in support of its motion for preliminary injunction. Dkt. 6. Based on the parties' various submissions so far, personal jurisdiction would likely be proper in either district, although jurisdiction over Prestige in this forum is clearer because Prestige executed the contract at issue in Wisconsin.

The convenience factors of 28 U.S.C. § 1404 tip slightly toward this forum because the contract is governed by Wisconsin law, with which this court is presumed to be familiar. But Prestige filed first in its home forum, so it gets whatever benefit the first-filed rule provides, which is not much under Seventh Circuit law, or that of most circuits. *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 980 (7th Cir. 2010). Prestige's motion to transfer

relies chiefly on the first-filed rule, but a rigid application of the first-filed rule simply encourages wasteful races to the courthouse, which is why it is not given decisive weight in most courts.

In this case, the interests of justice provide the decisive factor in considering Prestige's motion. The parties' submissions show clearly enough that it does not matter all that much whether the case proceeds in this court or in the Southern District of California. The interests of justice strongly favor avoiding having two courts consider parallel motions to transfer, and potentially reaching different results. Accordingly, I will deny Prestige's motion, and invite Judge Burns (who I understand is presiding over the case in the Southern District of California) to transfer that case to this court for consolidation. I will direct the parties to bring this order to the attention of Judge Burns to facilitate the prompt transfer of that case. If Judge Burns prefers, I would transfer this case to him. But until I hear otherwise, I will assume that Judge Burns agrees that both suits may be heard in this court.

I will extend the deadline for Prestige to respond to Golf Solutions's motion for preliminary injunction to January 26, 2015. The hearing on the motion for preliminary injunction remains on the calendar for February 3, 2015. Both parties should be prepared to present any evidence needed in support of their positions at the hearing.

It is ordered that:

1. Prestige's motion to transfer venue, Dkt. 23, is DENIED.

2. Prestige's emergency motion to stay the motion for injunction, Dkt. 27, is DENIED.

3. Prestige's response to the motion for preliminary injunction is due January 26, 2015; the hearing on the motion for preliminary injunction remains on the calendar for February 3, 2015.

Entered January 16, 2015.

                        BY THE COURT:

                        /s/ James D. Peterson
                        JAMES D. PETERSON
                        District Judge